UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
DANIELLE SCHNUR
on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

       -against-


RETRIEVAL-MASTERS CREDITORS BUREAU INC. D/B/A AMERICAN MEDICAL COLLECTION AGENCY

                        Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Danielle Schnur seeks redress for the illegal practices of Retrieval-Masters Creditors Bureau Inc. d/b/a American Medical Collection Agency concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Elmsford, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Danielle Schnur*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about January 30, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The Defendant was attempting to collect on a debt purportedly owed to Bio-Reference Laboratories, for a balance of $130.00.

12. The said debt was non-existent.

13. The Defendant knew that the alleged debt was non-existent.

14. Moreover, the Defendant is well aware, that the Plaintiff never engaged with the Defendant's client, Bio-Reference Laboratories.

15. Under New York law, a valid debt can only exist if there is an express contractual agreement between the parties.

16. At no time, did the Plaintiff have any relationship with Bio-Reference Laboratories or with any other client of the Defendant.

17. The Defendant is well aware that any implied contract can only rest upon a showing by

the provider, that the services were performed and accepted with the understanding of both sides that there was a fee obligation.

18. At no time, did the Plaintiff enter into contract with Bio-Reference Laboratories; in fact, the Plaintiff has never even heard of the alleged creditor, Bio-Reference Laboratories.

19. Furthermore, at no time did the Plaintiff, ever request any blood-work, or any other services for that matter from Bio-Reference Laboratories, and she certainly never signed any agreement with Bio-Reference Laboratories.

20. The Plaintiff had in fact, visited a doctor and had given the doctor her insurance; however, she did not request any medical services which would not be entirely covered by her medical insurance or which would result in any fee obligation.

21. At no time was the Plaintiff ever asked to consent to any such medical services.

22. Furthermore, the Plaintiff never authorized her doctor to order any laboratory tests that would result in a fee obligation.

23. The account that the Defendant was seeking to collect upon was non-existent; the Defendant made the Plaintiff believe that she in fact owed such an amount to Bio-Reference Laboratories when it was not the case.

24. The Plaintiff never had any contractual relationship with Bio-Reference Laboratories.

25. The Plaintiff never had any contractual relationship with her physician.

26. A valid debt for medical services "only rests upon a showing by the provider that the services were performed and accepted with the understanding on both sides that there was a fee obligation." [1]

27. Section 1692e of the FDCPA states:

---

[1] Shapira v United Med. Serv., 15 NY2d 200, 210, 205 NE2d 293, 257 NYS2d 150 (Court of Appeals of New York 1965), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017) ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt.")

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

28. Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

29. The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[2]

30. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

31. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

32. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt

---

[2] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in Stonehart v. Rosenthal, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent. See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006) (concluding that analysis in Stonehart contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A).")

collection communications.

33. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

34. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

35. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

36. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

37. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

38. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

39. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

### AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

40. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty nine (39) as if set forth fully in this cause of action.

41. This cause of action is brought on behalf of Plaintiff and the members of a class.

42. The class consists of all persons whom Defendant's records reflect resided in the State of New York and (a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 30, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Bio-Reference Laboratories; and (b) the collection letter was not returned by the postal service as undelivered and (c) the Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

43. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

44. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

45. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

46. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

47. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

48. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 2, 2018

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

**AMERICAN MEDICAL COLLECTION AGENCY**   COLLECTION AGENCY

4 Westchester Plaza Suite 110, Elmsford, NY 10523



January 30, 2017

Pin Number: ▇▇▇
(914) 505-6689

Danielle Schnur
935 E 28th St
Brooklyn, NY  11210-3729

50

You may contact Joseph Howard at the phone number above. If Mr. Howard is unavailable, another representative will answer your call to assist you between the hours of 8:30AM - 8PM Mon. - Fri.

**SERIOUSLY PAST DUE**

Dear Danielle Schnur:

Since we have not received your payment or explanation as to why payment wasn't made, we must assume the debt in question remains undisputed. Your account continues to be subject to collection in full. For your reference, the **$130.00** you owe is for laboratory tests ordered by your physician and performed by our client, **Bio-Reference Laboratories**. These charges were not included in any bills you received from your doctor or hospital.

If we do not receive payment or hear from you, our client has authorized us to continue our collection effort. We urge you to take care of this matter.

You may call us at the telephone number above or contact us by mail if you have any questions.  Otherwise, please send your check or money order to us in the enclosed envelope made payable to **Bio-Reference Laboratories**.

**SERIOUSLY PAST DUE**

L2B-H - RMCB.WFD - 731421 - 00017878 - 1 of 1

SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

Detach and return this portion with payment using enclosed envelope.

**Amount Due:**           **$130.00**

To pay online: **pay.amcaonline.com**
☐ VISA   ☐ MASTERCARD   ☐ DISCOVER
Card #:
Exp. Date:          CVV Code:         Amount:
Signature:
Client Code: ▇▇   Account: ▇▇▇▇2031
Pin Number: ▇▇▇
02 L2B BIO 601

| You Owe: | Bio-Reference Laboratories |
|---|---|
| Charge Date | August 12, 2016 |
| Account Number | ▇▇▇▇2031 |
| Pin Number | ▇▇▇▇ |
| Name:<br>Street Address:<br>City,State Zip: | Danielle Schnur<br>935 E 28th St<br>Brooklyn, NY 11210-3729 |

BIO REFERENCE LABS
PO BOX 26548
SALT LAKE CITY, UT 84126-0548